ANDRE' S. WOOTEN 3887
ATTORNEY AT LAW
CENTURY SQUARE, SUITE 1908
1188 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE NO. (808)545-4165
Attorney@AttorneyAndreWooten.com

ATTORNEY FOR PLAINTIFF
JOSEPH O'CONNELL

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH O'CONNELL; | ) CIVIL NO. 26-510 |
| | ) |
| Plaintiff, | ) COMPLAINT FOR DAMAGES; |
| vs. | ) DEMAND FOR JURY TRIAL; |
| | ) SUMMONS |
| THE COUNTY OF HAWAII, NELSON R. CACHO; K. L. MATA; Z.A. PACHECO, Police Officers | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW THE PLAINTIFF, JOSEPH O'CONNELL, through his attorney, Andre' S. Wooten, who hereby files this Complaint for Damages, due to the excessive the unnecessary, unjustifiable, unlawful unwarranted arrest of Plaintiff JOSEPH O'CONNELL in his home and subsequent intentional violation of his Constitutional and Parental Rights, by these Defendants on April 9, 2025 after the unlawful arrest of Plaintiff O'Connell by the Defendants Cacho, Mata and Pacheco without any reasonable suspicion that the Plaintiff possessed the

marijuana found in the separate living quarters of two tenants in his house.

## 1. PARTIES

1. The Plaintiff, Joseph O'Connell, is a male citizen of the United States of American heritage and was at all times relevant a resident of the City of Hilo and County of Hawaii, in the State of Hawaii.

2. Defendant County of Hawaii, is the municipal corporation organized under the laws of the State of Hawaii to be the administrative department of the City of Hilo in the County of Hawaii, and therefore has the responsibility for the hiring, training, discipline, supervision and firing of the employees of the City of Hilo in the County of Hawaii including police officers employed by the City of Hilo in the County of Hawaii. The County of Hawaii is sued in it's official capacity and in all capacities as the employer responsible for the conduct of the named defendant government officers.

3. Defendant, Nelson Cacho, is a Hilo Police Department Detective who intercepted and then forwarded a package from the mail allegedly containing methamphetamine to the house where Plaintiff Joseph O' Connell resided. The package was not addressed to any resident there and Defendant Cacho retrieved the unopened package days later; and then used that unopened package as an allegation without a reasonable suspicion that the Plaintiff participated in a crime, to obtain a search warrant to enter and search the premises of 452 Awela Street in Hilo. Defendant Cacho then arrested all the three occupants there a

month later, April 9, 2025, for allegedly possessing less than 1 ounce of marijuana found in the living room, which the two tenants of Joseph O'Connell occupied.

4. Defendant Cacho wrongfully arrested Joseph O'Connell for a small amount of marijuana that was clearly not in his possession and found near a bed in the living quarters of the Plaintiff's two tenants, one of whom admitted to the arresting officers the marijuana was his for his personal use. Defendant Nelson Cacho, is a resident of the City of Hilo and County of Hawaii of the State of Hawaii, and he is sued in his personal capacity and official capacity.

5. Defendant, K.L. Mata, is a Hilo Police Department officer who participated in the unreasonable search and seizure of Joseph O'Connell on April 9, 2025, for the alleged possession of a small amount of marijuana that was clearly possessed by another person, who admitted it was his. Defendant, K.L. Mata, is a resident of the City of Hilo and County of Hawaii of the State of Hawaii, and he is sued in his personal capacity and official capacity.

6. Defendant, Z.A. Pacheco is a Hilo Police Department officer who participated in the unreasonable search and seizure of Joseph O'Connell on April 9, 2025 for the alleged possession of a small amount of marijuana that was clearly possessed by another person, who admitted it was his and not anyone else's. Defendant, Z.A. Pacheco, is a resident of the City of Hilo and County of Hawaii of the State of Hawaii, and he is sued in his personal capacity and official capacity.

## 2. JURISDICTION

**7.** This court has jurisdiction of this action under Section 42 U.S.C. 1981, Section 42 U.S.C. 1983, The Fourth and Fourteenth Amendments to the U.S. Constitution, Section 663-1 of the Hawaii Revised Statutes, The Hawai'i State Constitution Due Process Clause, Article I, Section 5**;** Hawai'i State Constitution Article 1, Section 6, Hawaii Right of the people to privacy provision; Hawai'i State Constitution Article 1, Section 7, Hawaii right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures and Article 1, Section 8, Article 1, Section 6, Right To Privacy. Article 1, Section 14, State of Hawaii Non-Discrimination Clause. The venue is proper as these actions took place in the City of Hilo and County of Hawaii of the State of Hawaii. This action is brought pursuant to the First, Fourth, Fifth , and Fourteenth Amendments to the United States Constitution.

## 3. STATEMENT OF FACTS

8. At all times relevant to this Complaint, each individual defendant was acting within the course and scope of his employment.

9. At all times relevant to this Complaint, each defendant was acting under the color of state law. As cited in the Affidavit filed in Support of a Search Warrant relevant to this matter and Discovery from the Hilo Police Department.

10. “On or about March 7th, 2025, United States Postal

Inspection Service (hereafter USPIS) South-Team of the Los Angeles Division, while conducting interdiction on incoming mail into the United States, intercepted a local parcel which originated out of Orange, California, described as a brown cardboard box, measuring approximately 8" x 8" x 8" inches, weighing three (3) lbs. and 14.1 oz., with computer generated USPS tracking label number 9505 5138 1416 5057 2050 06 affixed to it, and a USPS Priority Mail label with "hand written" sent from "Eric DIXON" 827 S Songbird Ct, Anaheim, CA 92608 and shipped to "Chris FORD" 452 Awela St, Hilo Hawaii 96720.

11. The parcel was opened and the contents Inspected by United States Postal Inspector Sumyra DUY (hereafter USPI DUY). USPI DUY recovered: 564 grams of a white crystalline substance which tested presumptive positive for methamphetamine utilizing the TruNarc Narcotics Analyzer, 587 grams of a white powdery substance which tested presumptive positive for fentanyl utilizing the TruNarc Narcotics Analyzer, 16 grams of a green leafy substance, and 10 grams of a yellow substance which was contained within in a metal paint can within the parcel (refer to Attachment "A" for United States District Court Search Warrant Affidavit, Case No. 8:25-mj-00164-DUTY).

12. United Stated Postal Inspector Brian SHAUGHNESSY (hereafter USPI SHAUGHNESSY) based out of Honolulu, Hawaii, that the Subject Parcel along with the seized methamphetamine, fentanyl, green leafy substance, and yellow substance, was forwarded to Hawaii for continued investigation. Through my training and experience, I am aware that methamphetamine and fentanyl are Schedule II substances.

13. The Subject Parcel is a brown cardboard box, measuring approximately 8" x 8" x 8" inches, weighing three (3) lbs. and 14.1 oz., with computer generated USPS tracking label number 9505 5138 1416 5057 2050 06 affixed to it, and a USPS Priority Mail label with a hand written" sent from "Eric DIXON" 827 S Songbird Ct, Anaheim, CA 92808 and shipped to "Chris FORD" 452 Awela St, Hilo Hawaii 96720," that is currently in the custody of USPI SHAUGHNESSY.

14. The Subject Parcel and its contents constitute evidence in the commission of the offense of Promoting a Dangerous Drug In the First Degree, In violation of Section 712-1241 of the Hawaii Revised Statutes, as amended.

15. On March 17, 2025, at approximately 0800 hours, your Affiant conducted Spillman Records System check for "Chris FORD," which was revealed that no one by that name was found In the system and that the name “Chris FORD" maybe fictitious.

16. Your Affiant researched the address listed on the Subject Parcel listed as 452 Awela Street Hilo, Hawaii. Your Affiant found that the address had no listed owner(s) for that property through the County of Hawaii Tax Map Key (TMK) no. 240580640000). **Your Affiant also did Spillman Records System checks for the address and did not find a "Chris FORD" linked to 452 Awela Street Hilo, Hawaii.**

17. On March 19, 2025, I received the Subject Parcel from USPI SHAUGHNESSY that contained the 564 grams of white crystalline substance which tested presumptive positive for methamphetamine utilizing the TruNarc Narcotics Analyzer, 587 grams of white powdery substance which tested presumptive positive for fentanyl utilizing the TruNarc Narcotics Analyzer, 16 grams of green leafy substance, and 10 grams of yellow substance. USPI SHAUGHNESSY added that Joseph O'CONNELL, Alicia KRAMER, Jaymar BARRIOS, and Melissa MAYO, currently receive mail at 452 Awela Street In Hilo, Hawaii.

18. On March 18, 2025, at 1000 hours, Honorable Judge Henry T. NAKAMOTO granted Search Warrant 2025-VE-048 for Authorization to Install and Use a Mobile Tracking Device and Order Granting Authorization to Install and Use a Mobile Tracking Device for the Subject Parcel.

19. On March 19, 2025, at approximately 1515 hours, your Affiant participated In a joint operation with United Stated Postal Service In a controlled methamphetamine/fentanyl delivery (***actual meth- amphetamine and fentanyl replaced with a pseudo substance prior to delivery)*** to the address of 452 Awela Street in Hilo, Hawaii. At 2100 hours, the controlled delivery was ended and the package was neither handled nor opened after it was delivered (refer to Attachment "B" for Search Warrant 2025-VE-048).

20. SUBJECT PARCEL

Described as a brown cardboard box, measuring approximately 8" x 8" x 8" inches, weighing three (3) lbs. and 14.1 oz., with computer generated USPS tracking label number 9505 5138 1416 5057 2050 06 affixed to it, and a USPS Priority Mail label with "hand written" sent from "Eric DIXON" 827 S Songbird Ct, Anaheim, CA 92808 and shipped to "Chris FORD" 452 Awela St, Hilo Hawaii 96720.

21. On March 19, 2025, At 1200 hours, I received the Subject Parcel and narcotics from USPI SHAUGHNESSY and recovered it into evidence under Hawaii Police Department report number 25-025717. The green substance and yellow substance tested presumptive positive as marijuana utilizing NIK Test Kit E.

RESIDENCE DESCRIPTION AND PREVIOUS CLERICAL ERROR

22. The residence, 452 Awela Street, Hilo, is described as a one-story structure with light colored exterior walls and red colored metal roofing having County of Hawaii Tax Map Key (TMK) no. 240580640000). Your Affiant previously Identified the residence located at 452 Awela Street, Hilo, HJ 96720 by the incorrect TMK number. 240880640000, as noted in Search Warrant 2025-VE-048. The correct TMK number as related to 452 Awela Street, Hilo, HI 96720 is 240580640000.

23. PERSON(S) OF INTEREST IDENTIFIED

The person(s) of interest is identified as Chris FORD. Your Affiant conducted Spillman Records System check for a Chris FORD," which revealed no one by that name found in the system and that the name "Chris Ford" maybe fictitious. (Sic)

24. Your Affiant researched the address listed on the Subject Parcel listed as 452 Awela Street Hilo, Hawaii. Your Affiant found that the address had no listed owner(s) for that property through the County of Hawaii Tax Map Key (TMK) no. 240580640000). Your Affiant also did Spillman Records System checks for the address and did not find a "Chris FORD" linked to 452 Awela Street, Hilo, Hawaii. Per USPI SHAUGHNESSY, four (4) individuals currently receive mail at 452 Awela Street Hilo, Hawaii. The four (4)

Individuals are Identified as:

1. Joseph O'CONNELL
2. Alicia KRAMER
3. Jaymar BARRIOS
4. Melissa MAYO
5. The Honda sedan parked March 17, 2025, at about 1200 hours in the driveway was found to be registered to a Josiah K. HOOHULI of 452 Awela Street, Hilo, Hawaii.

26. Det. Cacho's Affidavit has pages of boilerplate verbiage about his experience and training and how the typical drug trafficker allegedly acts, but no specific allegations about Plaintiff, Joseph O'Connell were alleged. The defendant officer went on to specifically say that the suspicious package addressed to a name that might be fictitious was dropped off March 19, 2025 and was retrieved **unopened** hours later from the 452 Awela Street house in Hilo, Hawaii.

27. The Defendants failed to present clearly exonerating evidence to the in the Affidavit in Support of the Search warrant to the Court and failed to establish any reasonable suspicion the occupants of the house were involved with the suspect package and dealing in illegal substances, just that some unknown and admittedly possibly fictitious stranger mailed a package to the house containing illegal Class 2 chemical substances, which the occupants never opened.

28. Nevertheless, on April 9, 2025 a search warrant based upon Det. Cacho's Declaration For Dangerous Drugs in the First Degree was executed by him and other Hilo Police Department Vice officers at the residence of 452 Awela Street

in Hilo, Hawaii. This search warrant was to recover any documents pertaining to the intended delivery of the subject parcel of Methamphetamine and Fentanyl, For Dangerous Drugs in the First Degree, referred to in the initial search warrant 2025-VE-048 for the controlled delivery.

29. In the house, under a bed, was in excess of eight (8) metal colored, approximately nine (1) gallon cylinder-shaped paint storage cans. These paint storage cans which were similar to the paint storage cans that Vice officers observed during the recovery of evidence under search warrant 2025-VE-048 .

30. At 0750 hours (On April 9, 2025), I (Det. Cacho) placed O'CONNELL, HOOHULI, and GRANT under arrest for PROMOTING A DETRIMENTAL DRUG IN THE THIRD DEGREE, Section 712-1249, of the Hawaii Revised Statutes, as amended, **Not For Dangerous Drugs in the First Degree as specified in the Search Warrant.**

31. On April 9th, 2025, at 1250 hours, search warrant 2025-VE-061 was executed resulting in the recovery of **18.72 grams** of green leafy substance that tested presumptive positive as marijuana as well as 10 approximately one (1) gallon cylinder- shaped paint storage cans and $5617.00 US Currency.

32. The items listed above that were recovered as “evidence” were found in the living room area of the residence.

33. Within the household, an EBT and a prescription medication

bottle for Josiah HOOHULI were found near the bed within the living room.

34. Within a bedroom (which appears to have once been an old laundry room) attached to the living room, numerous forms of identification and personal items suggested that the bedroom belonged to O'CONNELL. A void HFS check with the account name under O'CONNELL was observed, along with his Hawaii driver's license, United States passport, and his debit/credit cards.

35. HOOHULI STATEMENT – He said that the bed in the living room was his area of living and that he smokes marijuana. I then asked him if the marijuana found near his bed belonged to him and he said, "I guess that was mine."

36. O'CONNELL STATEMENT - O'CONNELL stated that Josiah and Jordan live in the common area, but he did not know who the marijuana belonged to. He said that he and Jordan Grant are the other two adults living in the residence with them.

37. Plaintiff O'Connell said other people who had been to his house may have been previous tenants. He mentioned someone named II King KAHOE" who used to live there but was kicked out a few months ago due to meth use.

38. He said Jaymar only uses marijuana. He said that a lot of people still get mail at his house and referenced 11 people as former foster kids from his residence.

40. Police asked if any friends had directed him to keep an eye on specific mail or

parcels and he said only Melissa.

41. Plaintiff O'Connell did mention a suspicious package that was delivered and that he saw on his ring cam" that police had picked it up.

42. FORFEITURE NOTICE

On April 17, 2025, I (Det. Cacho) served a Hawaii Police Department "Notice of Seizure for Forfeiture Form" to Joseph O'CONNELL, Josiah HOOHULI, and Jordan GRANT at the Hilo Police Station.

43. REQUEST FOR FORFEITURE OF PROPERTY – On April 25, 2025, I (Det. Cacho) pouched and sent a copy via e-mailed of a "Request for Forfeiture of Property" to Deputy Prosecuting Attorney { DPA).

Forfeiture Notice Reason: bedroom I
Comments: A total of $5617 US currency, in different denominations was located in bedroom 1 .
Property Number: 254672

Comments: One BALL brand glass jar with metal lid that contained a dried plant material. Item was recovered after search warrant 2025-VE- 061 was executed upon a residence located at 452 Awela Street, Hilo, 96720, Item was located within the 2nd drawer of a dresser that was in the living room area of the residence . Weight: 4.02g net wt. Tested presumptive positive for Marijuana utilizing NIK Field Test Kit "E".

**Comments:** TAYLOR brand operable digital scale. Item was recovered after search warrant 2025-VE-06 I was executed upon a residence located at 452 Awela Street, Hilo, HI 96720. Item was recovered from on top of the dining room

table within the residence.

44. The Hawaii 329 Statute H.R.S. 329-122, governing Medical Cannabis allows a card holder to legally possess 4 ounces of marijuana which is 4 times 28.3 grams that equals 113.2 grams, which is over 4 times the amount these 3 people were arrested and detained by Defendants Cacho, Mata and Pacheco.

45. Neither Defendants Cacho, Mata and Pacheco nor any other HPD Police Officer had a legitimate reasonable suspicion and certainly not any probable cause to arrest the Plaintiff O'Connell on April 9, 2025.

46. Plaintiff O'Connell had not committed any crime at all, neither a misdemeanor nor a felony; and he had the right to remain at his home on the premises even if the officers had a reasonable suspicion to arrest Joshua Hoohuli who admitted the 18.3 grams of marijuana found on or near his bed were his.

47. On April 9, 2025 neither Defendants Cacho, Mata and Pacheco or any other HPD Police Officer had a legitimate reasonable basis to call the Hawaii Child Protective Service and have Plaintiff O'Connell's minor children picked up and removed from their home without a warrant.

48. Defendants Cacho, Mata and Pacheco or any other HPD Police Officer had

no legitimate reasonable suspicion that Plaintiff O'Connell committed any illegal offense and falsely arrested the Plaintiff in violation of Plaintiff' 4th Amendment Right to Privacy and from unlawful searches seizures; and then used unlawful arrest to have his children removed from their home without a prior judicial warrant in violation of his Constitutional parental rights, injuring Plaintiff painfully.

49. Plaintiff O'Connell had every constitutional right to expect the privacy of his home to be respected, and not to be unreasonably arrested and have his parental rights interfered with and interrupted without a warrant authorizing the removal of his children from their home without proof of a legitimate threat to their wellbeing, in violation of his Right to Due Process under the 5th and 14th Amendments.

50. All of the preceding paragraphs are included by reference in the following causes of action and incorporated as if set forth fully herein.

## 4. CAUSES OF ACTION

### CAUSE OF ACTION 1

### VIOLATION OF HAWAI'I STATE CONSTITUTION DUE PROCESS CLAUSE, ARTICLE I, SECTION 5

### 42 U.S.C. SECTION 1983 FOURTH AMENDMENT CLAIM

51. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco, committed police misconduct when they intentionally and maliciously caused the Plaintiff to be arrested without any reasonable suspicion that he possessed the less than one ounce of marijuana found in his tenants living quarters, which the tenant,

Josiah Hoohuli, admitted at the time was his, in Violation of the Hawai'i State Constitution Due Process clause, ARTICLE I, SECTION 5 and the Fourth Amendment of The U.S. Constitution.

52. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco, admitted in their police reports that Josiah Hoohuli admitted the less than one ounce of marihuana found in his sleeping quarters was his, and provided no information that Plaintiff Joseph O'Connell actually possessed any contraband before he was arrested.

53. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco not only arrested Plaintiff O'Connell wrongfully without any actual evidence creating a reasonable suspicion he committed a crime, they held him overnight for almost 48 hours, without providing him with his asthma medication, intentionally and maliciously, forcing the Plaintiff into a life-threatening medical crisis for which he needed hospitalization and medication.

54. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco caused very real painful emotional and physical injury unnecessarily to the Plaintiff, due to their unwarranted arrest and excessive detention of Plaintiff O'Connell in clear violation of Plaintiff's First Amendment Rights to Free Speech and Fourth and Fourteenth Amendment right to be free from illegal searches and seizures.

55. The Defendant's malicious actions were done in violation of the in Violation of the Hawai'i State Constitution Due Process clause, ARTICLE I, SECTION 5, and the 4th

Amendment of the United States Constitution enforceable through 42 U.S.C. 1983, as retaliation for Plaintiff exercising his First Amendment right of Free speech to articulate his basic Constitutional Right of the established expectation of the Privacy in his home; and to be free from unlawful searches and seizures under the Fourth Amendment to the U.S. Constitution, after stating his opposition to the entry and search of his home.

**CAUSE OF ACTION 2**

**HAWAI'I STATE CONSTITUTION ARTICLE 1, SECTION 6, THE HAWAII RIGHT OF THE PEOPLE TO PRIVACY PROVISION**

56. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco, committed police misconduct when they intentionally and maliciously caused the Plaintiff to be arrested without any reasonable suspicion that he or any of the occupants of the house had any connection to the package delivered by the police to his house addressed to someone else that was not opened when the police retrieved it in violation of the Fourth Amendment, as the Search warrant affidavit lacked probable cause and there was NO nexus between the package and Plaintiff or any of its occupants.

57. The Defendants created a big sting arrest operation, based upon an intercepted package containing methamphetamine, addressed to a person, who did not Iive at the subject house. When the package was delivered, it was not handled or opened by any of the residents and it was retrieved unopened by the police later. The actions and facts did not justify a broad search warrant or the arrest of Plaintiff Joseph O'Connell.

58. The Defendant's malicious actions were done under color of law and in violation of the Plaintiff's Right To privacy under Hawai'i State Constitution Article 1, Section 6, and caused severe physical injury, significant expenses and business losses and emotional distress to the Plaintiff Joseph O'Connell.

## CAUSE OF ACTION 3

## VIOLATION OF Hawai'i State Constitution Article 1, Section 7, The Hawaii right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures

59. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco, committed police misconduct when they intentionally and maliciously caused the Plaintiff to be arrested without any reasonable suspicion that he committed any crime when they arrested him and held him almost 40 hours without his asthma medication, which he requested and they stated they would provide to him but did not, intentionally causing Plaintiff to suffer a dangerous asthma attack in the jail, requiring hospitalization.

60. Plaintiff O'Connell protested his innocence which the Defendants ignored, in Violation of the Article 1, Section 7, of the Hawai'i State Constitution, The Hawaii right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures.

61. The Defendant's malicious actions were done under color of law and in violation of the Hawai'i State Constitution, ARTICLE I, SECTION 7, The Hawaii right of the people to be secure in their persons, houses, papers and effects against

unreasonable searches and seizures.

## CAUSE OF ACTION 4

## 4. VIOLATION OF Hawai'i State Constitution Article 1, Section 8. No citizen shall be disfranchised, or deprived of any of the rights or privileges secured to other citizens

62. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco, committed police misconduct when they intentionally and maliciously caused the Plaintiff to be arrested without any reasonable suspicion that he committed any crime and caused his children to be removed from his home without a court order, violating his constitutional right to Familial Association, placing his three children into foster custody without a court order or exigent circumstances, despite a safety plan and available caregiver, which Plaintiff informed them of.

63. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco, knew or should have known that they did not have any legal justification to remove Plaintiff's three children from their home without permission, Due Process or a Court order.

64. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco, knew or should have known that the Ninth Circuit has emphatically rejected the premise that the lack of an "appropriate caregiver" equates to constitutional exigency. To justify a warrantless removal, the state must possess "reasonable cause to believe that the child is in imminent danger of serious bodily injury." Rogers v. Cty. Of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007) (quoting Mabe v. San Bernardino

Cnty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1107 (9th Cir. 2001)); see also Wallis v. Spencer, 202 F.3d 1126, 1138 (9th Cir. 2000).

65. A generalized belief regarding a parent's fitness or the lack of an immediate care giver does not bypass the warrant requirement. Demaree v. Pederson, 887 F.3d 870, (9th Circuit 2018), reaffirmed that it is "beyond debate" in the Ninth Circuit that children cannot be removed without a warrant based merely on general concerns about an inappropriate caregiver. The Court emphasized that the state must present articulable, imminent, and serious physical injury to bypass a judicial order.

**CAUSE OF ACTION 5**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PENDANT STATE CLAIM**

66. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco intentionally, willfully and maliciously arrested Plaintiff Joseph O'Connell without any reasonable suspicion the he committed any crime, and then wrongfully caused his three children to be removed from his home without a court order or articulable facts they faced imminent harm, when he had a caretaker in place, intentionally traumatizing Plaintiff and his three (3) children, in violation of his Hawaii Constitutional rights to be free from unreasonable search and seizure in a shocking and outrageously abusive manner under Article 1 Sections 5, 6, 7 and 8 of the Hawaii State Constitution.

**CAUSE OF ACTION 6**

**42 U.S.C. SECTION 1983 FOURTH AMENDMENT CLAIM**
**ILLEGAL IMPROPER SEIZURE OF PLAINTIFF'S MONEY**

67. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco had a legal duty to follow Hawaii law and protect the Plaintiff from false arrest, improperly Deprived Plaintiff O'Connell of his property specifically $5,617 in Cash, his laptops, his cameras, and cell phone that they seized without consent or warrant authority, maliciously.

68. Plaintiff O'Connell's cash and property was returned only after four months, which forced the Plaintiff to immediately obtain a replacement phone, despite his existing phone being fully functional. The Defendants maliciously, negligently, wantonly or recklessly failed to fulfill their Constitutional duty not to seize property without due process.

69. The Defendants, each of them is jointly and severally liable for their actions.

**CAUSE OF ACTION 7**
**Violation of Civil Rights (42 U.S.C. § 1983)**
**Unwarranted Seizure, Violation of Constitutional Right of Familial Association**

70. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco intentionally, willfully and maliciously arrested Plaintiff Joseph O'Connell without any reasonable suspicion that he committed any crime, and then wrongfully caused his three teenage children to be removed from his home without a court order or articulable facts they faced imminent harm, when he had a caretaker in place, intentionally

traumatizing Plaintiff and his three (3) children, in violation of his Hawaii Constitutional rights to be free from unreasonable search and seizure in a shocking and outrageously abusive manner.

71. The Ninth Circuit has emphatically rejected the premise that the lack of an "appropriate care giver" equates to constitutional exigency. To justify a warrantless removal, the state must possess "reasonable cause to believe that the child is in imminent danger of serious bodily injury." Rogers v. Cty. Of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007) (quoting Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1107 (9th Cir. 2001)); see also Wallis v. Spencer, 202 F.3d 1126, 1138 (9th Cir. 2000). Demaree v. Pederson, 887 F.3d 870, (9th Circuit 2018).

72. A generalized belief regarding a parent's fitness or the lack of an immediate care giver does not bypass the warrant requirement. Demaree v. Pederson, supra. reaffirmed that it is "beyond debate" in the Ninth Circuit that children cannot be removed without a warrant based merely on general concerns about an inappropriate care giver. The Court emphasized that the state must present articulable, imminent, and serious physical injury to bypass a judicial order.

## CAUSE OF ACTON 8
## RESPONDEAT SUPERIOR

73. Defendant County of Hawaii, is the municipal corporation organized under the laws of the State of Hawaii to be the administrative department of the County of Hawaii, and therefore has the responsibility for the hiring, training, discipline,

supervision, policies, procedures, accepted practices and firing of the employees of the County of Hawaii including these police officers employed by the County of Hawaii county of Hawaii.

74. The County of Hawaii is responsible for the torts of it's employees described in the above paragraphs, as their employer in the State of Hawaii under the legal principals of Respondeat Superior in this case.

**CAUSE OF ACTION 9**
**VIOLATION UNDER 42 U.S.C. SECTION 1983**
**FOURTH AMENDMENT CLAIM**

75. The Defendant County of Hawaii is responsible for the training and supervision of it's employees, including these Defendant police officers, and failed in it's duty to train them to follow applicable Constitutional laws regarding possessing a "reasonable suspicion before arresting citizens, even though they possess a warrant, when there is no evidence the person is connected to or committed any crime.

76. The County of Hawaii condones a pattern and practice of allowing it's officers to fail to provide requested medication prescribed for arrestees without consequences.

77. The conduct of these officers shows evidence of a pattern and practice of failing to provide arrested people with their prescribed medication, which predictably leads to painful medical complications and establishes the conscious disregard for the consequences of their actions and the 'deliberate indifference' necessary to trigger municipal liability."

## CAUSE OF ACTION 10
## VIOLATION UNDER 42 U.S.C. SECTION 1983
## EIGHTH and FOURTEENTH AMENDMENT CLAIM

78. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco intentionally, willfully and maliciously arrested Plaintiff Joseph O'Connell without any reasonable suspicion that he committed any crime, after they saw him come out of his bedroom, which was separate from the room where they found Josiah Hoohuli's less than one ounce of marijuana that he admitted was his, when they executed the search warrant looking for Methamphetamine and Fentanyl and other dangerous drugs, as opposed to detrimental drugs, which the three men were arrested for.

79. After Plaintiff O'Connell was arrested at his house he informed the Defendant police officers that he suffered from Asthma, and needed his inhaler for his prescribed asthma medication. Officer Cacho stated he would obtain Plaintiff O'Connell's asthma inhaler and provide him with his needed prescribed asthma medication at Plaintiff's house and again at the jail, but never did so, intentionally causing Plaintiff O'Connell to suffer a severe Asthma attack in the Hilo Jail, requiring emergency medical intervention and medication, which would not have been necessary if the Defendant had provided Plaintiff with his medication as promised.

80. For purposes of inmates' Eighth Amendment right to proper medical

care for serious medical needs, a serious medical need is present whenever the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain and violate the U.S.C.A. Const. Amend. 8th. See Clement v. Gomez, United States Court of Appeals, Ninth Circuit. August 06, 2002, 298 F.3d 898 02 Cal. Daily Op. Serv. 7063 2002 Daily Journal D.A.R. 8867. Smith v. County of Los Angeles United States District Court, C.D. California. February 07, 2008 535 F. Supp.2d 1033, 2008 WL 458720, holds failure to provide asthma inhaler can violate the 8th Amendment and the 14th Amendment.

81. The Individual Defendant Police Officers, Nelson R. Cacho; K. L. Mata; and Z.A. Pacheco were deliberately indifferent to Plaintiff Joseph O'Connell's serious medical needs and wantonly and recklessly or intentionally caused his serious medical complications and pain and suffering, when they intentionally withheld his asthma medication from him after being informed several times of his need for his prescribed medication.

## 10. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this Court to grant the following relief:

(a) A declaratory judgment be issued that the Plaintiff's rights have been violated as alleged.

(b) A preliminary and permanent injunction to have the Defendants desist from such acts.

(c) An award to the Plaintiff for compensatory, special, statutory, liquidated, exemplary, and punitive damages and other monetary relief in the amount of $10,000,000.00, and prejudgment interest entered to the maximum extent permitted by law.

(d) An award to the Plaintiff for all costs and attorney's fees arising from this litigation.

(e) Any other relief that this Court deems appropriate.

Dated: Honolulu, Hawaii, October 1, 2026

/S/ Andre' S. Wooten
Andre' S. Wooten
Attorney For Plaintiff
JOSEPH O'CONNELL

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| JOSEPH O'CONNELL,<br><br>Plaintiff,<br>vs.<br><br>THE CITY AND COUNTY OF HAWAII, NELSON R. CACHO; K. L. MATA; Z.A. PACHECO, Police Officers<br><br>Defendants. | CIVIL NO.<br><br><br><br>DEMAND FOR JURY TRIAL |

**DEMAND FOR JURY TRIAL**

COMES NOW THE PLAINTIFF, JOSEPH O'CONNELL, through his attorney, Andre' Wooten, who hereby files this demand for a trial by jury on all appropriate factual and legal issues for this Complaint for Damages, due to the unnecessary arrest of Plaintiff Joseph O'Connell and unlawful interference with his parental rights and custody by the Defendants on April 9, 2025.

Dated: Honolulu, Hawaii, October 1, 2026

/S/ Andre' S. Wooten
Andre' S. Wooten
Attorney For Plaintiff
JOSEPH O'CONNELL